## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
April 24, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JANET MILLER,**
**Claimant Below, Petitioner**

**vs.)    No. 12-1176** (BOR Appeal No. 2046901)
              (Claim No. 2011022585)

**THE SALVATION ARMY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Janet Miller, by Anthony Cicconi, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The Salvation Army, by Howard Salisbury, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 17, 2012, in which the Board affirmed a January 30, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 11, 2011, decision which denied a request to reopen the claim for additional temporary total disability benefits. In its Order, the Office of Judges also affirmed the claims administrator's April 11, 2011, decision which held the claim compensable for fracture of the lower end of the radius and ulna of the left wrist and awarded Ms. Miller temporary total disability benefits for the closed period from December 22, 2010, through December 24, 2010. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Miller, a bell ringer, fell in the course of her employment and injured her left wrist. Her claim was held compensable for a fracture of the lower end of the radius and ulna of the left wrist. Ms. Miller underwent two surgeries in order to treat her compensable condition. The first

1

surgery occurred the day after the injury and the second occurred in February of 2011. Ms. Miller was not released to return to work until September 14, 2011, when Paul Bachwitt, M.D., found in an independent medical evaluation that she had reached maximum medical improvement. He opined that no further treatment was required and that Ms. Miller had sustained 5% whole person impairment. On September 20, 2011, Ramanathan Padmanaban, M.D., Ms. Miller's surgeon, also released her to return to work.

Ms. Miller's new hire packet dated October 20, 2010, stated that the position for which she was hired was temporary/seasonal. The termination date was listed as December 24, 2010. The Salvation Army answered interrogatories from Ms. Miller on June 2, 2011. It indicated that Ms. Miller was a seasonal/temporary employee whose period of employment was scheduled to end on December 24, 2010. All bell ringers were scheduled to end their employment on that date. Ms. Miller testified in a deposition on August 17, 2011, that she had been unable to seek employment after her December 24, 2010, termination date because her doctor had yet to release her to return to work. She stated that she had not filled out any employment applications or spoken to any potential employers.

The claims administrator held the claim compensable for fracture of the lower end of the radius and ulna of the left wrist and awarded Ms. Miller temporary total disability benefits for the closed period from December 22, 2010, through December 24, 2010. It also denied a request to reopen the claim for additional temporary total disability benefits. The Office of Judges affirmed the decision in its January 30, 2012, Order. The Office of Judges relied on West Virginia Code of State Rules § 85-1-5.3 (2009), which provides that if a period of disability includes a reasonably ascertainable period of time during which the claimant would not have been performing work for any employer, then temporary total disability benefits shall not be paid during that period. This does not apply to periods of time caused by a reduction in force, lay-off, or time-off provided in connection with an employee benefit. The Office of Judges concluded that the record clearly shows that Ms. Miller was hired as a temporary worker from November 4, 2010, to December 24, 2010. Ms. Miller failed to seek employment during the period of time after December 24, 2010, and was not in any employment negotiations. The Office of Judges disagreed with Ms. Miller's argument that she was laid-off as opposed to terminated. The record clearly shows that her employment was seasonable and scheduled to terminate on December 24, 2010.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its September 17, 2012, decision. This Court agrees with the reasoning and conclusions of the Board of Review. The record clearly shows that Ms. Miller was a temporary/seasonal worker whose employment was scheduled to terminate on December 24, 2010.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:**    **April 24, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II